**Josiah Young, Esq. (SBN #327096)**
**The Law Office Of Josiah Young, PC**
428 J Street, Suite 408
Sacramento, California 95814
Telephone: (916)706-0136
Email: josiah@josiahyounglaw.com

**Keith J. Staten, Esq. (SBN #164164)**
**Law Office of Keith J. Staten**
1023 H Street, Suite A
Sacramento, CA 95814
Telephone: 916.443.5600
Email: kjstaten@att.net

Attorney for Plaintiff, **OMAR DUSHAUN SMITH**

THE LAW OFFICE OF JOSIAH YOUNG, PC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

**OMAR DUSHAUN SMITH,**

Plaintiff/Petitioner,

v.

**COUNTY OF PLACER; DEPUTY BRANDON BAILEY (#125), individually; DEPUTY GARRET BYERS (#100), individually; and DOES 1 through 25, inclusive,.**

Defendant/Respondent

Case No.:

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

1. 42 U.S.C. § 1983 – Excessive Force (Fourth Amendment)
2. 42 U.S.C. § 1983 – Unlawful Stop, Detention, and Arrest (Fourth Amendment)
3. 42 U.S.C. § 1983 – Unlawful Search and Seizure of Property (Fourth Amendment)
4. 42 U.S.C. § 1983 – Equal Protection (Fourteenth Amendment)
5. 42 U.S.C. § 1983 – Monell Municipal Liability
6. Bane Civil Rights Act (Cal. Civ. Code § 52.1)
7. Battery by Peace Officer
8. Negligence
9. False Arrest and False Imprisonment
10. Intentional Infliction of Emotional Distress

Plaintiff OMAR DUSHAUN SMITH ("Plaintiff"), by and through his counsel of record, alleges as follows:

## INTRODUCTION

1. This civil rights action arises from a traffic stop, detention, vehicle search and impoundment, and use of physical force by deputies of the Placer County Sheriff's Office against Plaintiff on December 18, 2025.

2. During the encounter, Plaintiff kept his hands visibly on the steering wheel and did not physically resist the deputies. At most, Plaintiff questioned the deputies and requested a supervisor before force was used. Defendant Deputy Garret Byers applied an arm-bar maneuver to Plaintiff's left arm and shoulder after Plaintiff warned the deputies of a preexisting shoulder condition, while Defendant Deputy Brandon Bailey seized and pulled Plaintiff's right arm and wrist through the open driver's window.

3. After deputies attempted to book Plaintiff at the South Placer Jail, custody medical personnel declined to accept him for booking pending medical evaluation because of his condition. Deputies then transported Plaintiff to Sutter Roseville Medical Center Emergency Department for emergency treatment. Plaintiff brings this action to redress the resulting violations of his constitutional and state-law rights and the physical and emotional injuries he sustained.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action asserts claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred in Placer County, California.

**COMPLIANCE WITH CALIFORNIA GOVERNMENT CLAIMS ACT**

7. Plaintiff timely presented a written Government Tort Claim to the County of Placer on March 12, 2026 (Claim No. CNDA2600046 / PL260116), arising from the December 18, 2025 incident and describing the injuries and state-law claims arising from the deputies' conduct.

8. The County of Placer Board of Supervisors rejected Plaintiff's claim by written notice mailed on April 14, 2026. Plaintiff has satisfied the applicable claim-presentation requirements for the state-law causes of action pleaded herein.

**PARTIES**

9. Plaintiff OMAR DUSHAUN SMITH is, and at all relevant times was, an adult resident of Sacramento County, California.

10. Defendant COUNTY OF PLACER ("County") is a political subdivision and local governmental entity organized under California law and operates the Placer County Sheriff's Office ("PCSO").

11. Defendant DEPUTY BRANDON BAILEY (#125) ("Deputy Bailey") was at all relevant times a sworn deputy sheriff employed by PCSO, acting under color of state law and within the course and scope of his employment. At the time of the incident, Deputy Bailey was a trainee undergoing field training.

12. Defendant DEPUTY GARRET BYERS (#100) ("Deputy Byers") was at all relevant times a sworn deputy sheriff employed by PCSO, acting under color of state law and within the course and scope of his employment. At the time of the incident, Deputy Byers was serving as Field Training Officer ("FTO") for Deputy Bailey.

13. The true names and capacities of Defendants DOES 1 through 25, inclusive, are presently unknown to Plaintiff. Plaintiff therefore sues those Defendants by fictitious names and will seek leave to amend this Complaint to substitute their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

14. On December 18, 2025, at approximately 10:26 p.m., Plaintiff was operating his automobile near Industrial Avenue and South Loop Road in Rocklin, California.

15. Deputy Bailey and Deputy Byers initiated a traffic stop and stated that the bases for the stop were excessively tinted windows under California Vehicle Code section 26708(a)(1) and an inoperable third brake lamp under Vehicle Code section 24252.

16. No citation for either asserted equipment violation was issued.

17. During the contact, Plaintiff expressed concern that the stop was racially motivated and requested that a supervisor be called to the scene. The deputies did not call a supervisor before the encounter escalated.

18. The deputies ran a records check and found no active warrant, observed no weapon, and observed no threatening or furtive movement by Plaintiff.

19. Plaintiff provided identification and kept both hands visibly on the steering wheel. Body-worn-camera footage depicts Plaintiff's hands on the wheel and no physical resistance when the deputies initiated the extraction.

20. Before the deputies used physical force, Plaintiff informed them that he had a preexisting shoulder condition and asked them not to reinjure him.

21. Deputy Byers reached through the vehicle window, seized Plaintiff's left arm, and applied an arm-bar extraction technique. At the same time, Deputy Bailey seized Plaintiff's right arm and wrist and pulled Plaintiff through the open driver's window.

22. The extraction caused or aggravated injuries to Plaintiff's left shoulder and wrist, including an acute left-shoulder sprain. The deputies did not warn Plaintiff before applying the extraction force.

23. After the arrest, the deputies caused Plaintiff's vehicle to be impounded and conducted what they characterized as an inventory search, including opening closed containers. Plaintiff alleges that the impoundment lacked a legitimate community-caretaking justification and that the search of closed containers was not conducted pursuant to standardized criteria governing the scope of an inventory search.

24. The deputies cited Plaintiff under California Vehicle Code section 2800(a) (Citation No. 103475).

25. Deputies transported Plaintiff to the South Placer Jail for booking. Custody medical personnel declined to accept Plaintiff for booking pending immediate medical evaluation because of his physical condition.

26. Deputies then transported Plaintiff to Sutter Roseville Medical Center Emergency Department, where Plaintiff was diagnosed with an acute left-shoulder sprain, provided a sling, prescribed pain medication, and directed to obtain follow-up care.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Excessive Force (Fourth Amendment)**
(Against Deputy Bailey and Deputy Byers)

27. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

28. Deputy Bailey and Deputy Byers, acting under color of state law, subjected Plaintiff to unreasonable and excessive force during a traffic stop and detention, in violation of the Fourth Amendment.

29. Under the totality of the circumstances, the force used was objectively unreasonable. Plaintiff was stopped for minor alleged equipment violations, posed no immediate threat to the safety of the deputies or others, did not flee, and did not physically resist while requesting a supervisor.

30. The deputies applied painful arm-bar and extraction force after being told of Plaintiff's preexisting shoulder condition, causing or aggravating physical injury that required emergency medical evaluation and treatment.

31. As a direct and proximate result, Plaintiff suffered physical injury and pain, mental anguish, humiliation, emotional distress, and medical expenses according to proof.

32. The conduct of Deputy Bailey and Deputy Byers was malicious, oppressive, and undertaken in reckless disregard of Plaintiff's constitutional rights, supporting punitive damages against them in their individual capacities.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Unlawful Stop, Detention, and Arrest (Fourth Amendment)**
(Against Deputy Bailey and Deputy Byers)

33. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

34. Plaintiff alleges on information and belief that the asserted equipment conditions did not exist and therefore did not furnish objective reasonable suspicion for the initial stop. The absence of any citation for either asserted equipment violation further supports Plaintiff's allegation that the stated bases did not objectively justify the seizure.

35. Alternatively, even if the initial stop was lawful, the deputies prolonged and escalated the detention without independent reasonable suspicion and arrested Plaintiff without probable cause. Vehicle Code section 2800(a) requires a willful failure or refusal to comply with a lawful order, signal, or direction. Plaintiff alleges that the circumstances did not establish probable cause that he willfully refused to comply with a lawful order.

36. As a direct and proximate result of the unlawful seizure and arrest, Plaintiff was deprived of his liberty, suffered physical injuries, and experienced emotional distress.

37. The conduct of Deputy Bailey and Deputy Byers was malicious, oppressive, and undertaken in reckless disregard of Plaintiff's constitutional rights, supporting punitive damages against them in their individual capacities.

///

///

///

///

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 – Unlawful Search and Seizure of Property (Fourth Amendment)**
(Against Deputy Bailey and Deputy Byers)

38. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

39. The deputies searched Plaintiff's vehicle without a warrant or consent. Plaintiff alleges that the impoundment lacked a legitimate community-caretaking justification and that the ensuing purported inventory search, including the opening of closed containers, was not conducted under standardized criteria governing the permissible scope of an inventory search.

40. The deputies further seized Plaintiff's vehicle by causing it to be impounded and towed, depriving Plaintiff of his property without lawful justification.

41. As a direct and proximate result, Plaintiff suffered property deprivation, towing and storage expenses, and emotional distress.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Equal Protection (Fourteenth Amendment)**
(Against Deputy Bailey and Deputy Byers)

42. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

43. Plaintiff is African American. During the stop, Plaintiff expressed concern that the stop was race-based and requested a supervisor. No citation was issued for either asserted equipment condition, yet the encounter was escalated into a physical extraction, arrest, search, and impoundment.

44. Plaintiff alleges on information and belief that race was a motivating factor in the deputies' decisions to prolong and escalate the detention and in the manner in which they exercised law-enforcement authority against him.

45. Deputy Bailey and Deputy Byers intentionally treated Plaintiff differently from similarly situated non-Black motorists without a sufficient governmental justification, thereby denying Plaintiff equal protection of the laws.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Monell Municipal Liability**
(Against County of Placer)

46. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

47. Plaintiff alleges on information and belief that the constitutional violations described above were caused by policies, customs, practices, and deliberately indifferent failures in training or supervision attributable to the County and PCSO, including:

a. Failure to train and supervise regarding vehicle occupant extraction, the use of force against nonthreatening or passively resistant persons, and the use of force against persons who disclose medical vulnerabilities. The incident occurred while Deputy Byers was serving as Deputy Bailey's FTO, and both the trainer and trainee participated in the challenged force;

b. Custom or practice permitting aggressive escalation of minor traffic encounters and inadequate supervision of the use of force during field training. Facts concerning the duration, frequency, and scope of these practices are primarily within the County's possession and are expected to be developed through discovery.

48. The County's policies, customs, practices, and deliberately indifferent training or supervision were a moving force behind the constitutional injuries suffered by Plaintiff.

**SIXTH CAUSE OF ACTION**
**Bane Civil Rights Act (Cal. Civ. Code § 52.1)**
(Against Deputy Bailey, Deputy Byers, and County of Placer)

49. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

50. Deputy Bailey and Deputy Byers intentionally interfered with Plaintiff's rights under the Fourth Amendment and corresponding protections of California law by threat, intimidation, or coercion through the use of unreasonable physical force during the traffic stop and detention.

51. The deputies acted with the specific intent to interfere with Plaintiff's protected rights, including by using painful extraction force despite Plaintiff's visible hands, lack of physical resistance, and warning concerning his shoulder condition.

52. Pursuant to California Government Code section 815.2(a), the County is vicariously liable for statutory violations committed by its employees within the course and scope of their employment.

**SEVENTH CAUSE OF ACTION**
**Battery by Peace Officer**
(Against Deputy Bailey, Deputy Byers, and County of Placer)

53. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

54. Deputy Bailey and Deputy Byers intentionally touched Plaintiff with unreasonable and excessive physical force without his consent, causing or aggravating injury to his left shoulder and wrist.

55. The County is vicariously liable for the deputies' battery under California Government Code section 815.2(a).

**EIGHTH CAUSE OF ACTION**
**Negligence**
(Against Deputy Bailey, Deputy Byers, and County of Placer)

56. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

57. Deputy Bailey and Deputy Byers owed Plaintiff a duty to act with reasonable care under the circumstances, including in their pre-force tactical decisions, communication, detention, and physical extraction of Plaintiff from his vehicle.

58. The deputies breached that duty by escalating a minor traffic encounter, declining Plaintiff's request for a supervisor, disregarding Plaintiff's warning about his shoulder condition, and applying unreasonable physical extraction force, thereby causing Plaintiff's injuries.

59. The County is vicariously liable for the negligence of its employees under California Government Code section 815.2(a).

**NINTH CAUSE OF ACTION**
**False Arrest and False Imprisonment**
(Against Deputy Bailey, Deputy Byers, and County of Placer)

60. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

61. Deputy Bailey and Deputy Byers intentionally deprived Plaintiff of his personal liberty without lawful privilege or probable cause, causing physical injury, loss of liberty, and emotional distress.

62. The County is vicariously liable for the deputies' conduct under California Government Code section 815.2(a).

**TENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
(Against Deputy Bailey, Deputy Byers, and County of Placer)

63. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

64. Deputy Bailey and Deputy Byers engaged in extreme and outrageous conduct by using painful extraction force against a nonthreatening motorist after being warned of his shoulder condition, arresting and citing him without probable cause, and causing injuries serious enough to require emergency medical evaluation before booking.

65. The deputies intended to cause emotional distress or acted with reckless disregard of the probability of causing emotional distress, and Plaintiff suffered severe emotional distress as a direct and proximate result.

66. The County is vicariously liable for the deputies' conduct under California Government Code section 815.2(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff OMAR DUSHAUN SMITH prays for judgment against Defendants as follows:

1. General and compensatory damages according to proof at trial;
2. Special damages, including medical expenses, lost income, and towing and storage expenses according to proof;
3. Punitive and exemplary damages against Deputy Bailey and Deputy Byers in their individual capacities according to proof;
4. Statutory and enhanced damages as permitted by California Civil Code sections 52 and 52.1;
5. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and California Civil Code section 52.1(i);
6. Costs of suit incurred herein; and
7. Such other and further relief as the Court deems just and proper.

Dated: October 9, 2026

Josiah Young

Josiah Young, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 9, 2026

Josiah Young

Josiah Young, Esq,
Attorney for Plaintiff